IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BARBARA PETERSON**,

    Plaintiff,

  v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

    Defendant.

Case No. 6:13-cv-01812-SI

**OPINION AND ORDER**

Alan Stuart Graf, 208 Pine Street, Floyd, VA 24091. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Franco L. Becia, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Barbara Peterson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Ms. Peterson was born on May 29, 1962. She protectively filed for disability benefits on June 16, 2010, alleging that her disability began on December 31, 2000. She claimed that her disability was caused by, among other things, chronic obstructive pulmonary disease, emphysema, obesity, low-back pain, pain in her left knee from a patellar subluxation, and reduced ability to lift or grasp things because of pain in her hands and wrists, possibly related to a right biceps tear or to arthritis. She was last insured on September 30, 2006.

Ms. Peterson's claim was initially denied on September 2, 2010, and again upon reconsideration on October 5, 2010. She then requested an administrative hearing before an ALJ, which took place on May 1, 2012. The ALJ also denied Ms. Peterson's claim, finding that she was not disabled within the meaning of the Social Security Act through her date last insured. The Appeals Council denied review, making the ALJ's decision final and entitling Ms. Peterson to review in this Court. 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court must affirm the Commissioner's decision if it is free of legal error and its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the Commissioner's decision, the Court "must consider the entire record as a whole." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted). The Court may not affirm the Commissioner "simply by isolating a specific quantum of supporting evidence"; nor may the Court affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (quotation marks omitted); *see also Bray*, 554 F.3d at 1226. But as long as "the agency's path may reasonably be discerned," the Court must affirm the agency's decision, even though the agency may have explained it with "less than ideal clarity." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

## DISCUSSION

Ms. Peterson argues that the ALJ did not meet her burden of proof in the disability analysis. The Commissioner agrees. Accordingly, the only dispute is over the terms of remand: whether further administrative proceedings are necessary, or whether the Court should remand directly for payment of benefits. The Court holds that limited further administrative proceedings are indeed necessary.

**A. The Five-Step Disability Analysis**

A claimant is disabled within the meaning of the Social Security Act if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual meets this standard, social security regulations establish a five-step sequential analysis. 20 C.F.R. § 404.1520; *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4).

The five-step analysis consists of the following questions: (1) Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). (2) Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). (3) Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? 20 C.F.R. § 404.1520(a)(4)(iii). (4) If not, what is the claimant's "residual functional capacity" ("RFC")? Is it sufficient to allow the claimant to perform his or her "past relevant work?" 20 C.F.R. § 404.1520(a)(4)(iv). (5) If not, then—taking into consideration the claimant's RFC, age, education, and work experience—is there other work that exists in significant numbers in the national economy that the claimant can perform? 20 C.F.R. § 404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). The ALJ bears the burden of proof at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the ALJ fails to prove that other work exists in significant numbers in the national economy that the claimant can perform, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v).

One way for the ALJ to meet this burden is to call for the testimony of a vocational expert ("VE"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The ALJ posits a hypothetical person with each of the claimant's limitations that are supported by substantial evidence. *Id.* at 1163-64. The VE, in turn, identifies "a specific job or jobs in the national economy" for which that hypothetical person would qualify. *Id.* at 1162-63. The ALJ must ask whether the VE's testimony is consistent with the *Dictionary of Occupational Titles* ("DOT"), a publication from the United States Department of Labor that provides "detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 & n.8 (9th

Cir. 2007). The ALJ may rely on testimony inconsistent with the DOT only if it is otherwise supported by substantial evidence. *Id.*; Social Security Ruling 00-4p, *available at* 2000 WL 1898704.

Here, both parties agree that the VE's testimony was inconsistent with the DOT. The ALJ found that Ms. Peterson's RFC "limited [her] to only occasional bilateral grasping and handling," AR 30, but each of the three jobs identified by the VE required frequent reaching and handling. The parties also agree that the ALJ erred by not asking the VE to explain these inconsistencies, and that the ALJ therefore did not meet her burden to show that the national economy contains other work in significant numbers that Ms. Peterson can perform. The parties disagree, however, as to the appropriate remedy.

## B. The Nature of the Remand

Ms. Peterson argues that remand for an immediate award of benefits is appropriate, whereas the Commissioner argues that further proceedings are necessary to determine whether Ms. Peterson is, in fact, disabled. The Commissioner and Ms. Peterson also disagree whether any further proceedings must include a hearing.

The Social Security Act entitles a claimant to disability benefits only when the claimant is "disabled" under the Act. 42 U.S.C. § 423(a)(1)(E). Accordingly, only "where the record has been developed fully and further administrative proceedings would serve no useful purpose" may a district court remand for an immediate award of benefits.[1] *Benecke v. Barnhart*, 379 F.3d 587,

---

[1] Under the credit-as-true doctrine, the Court has the discretion to remand for an immediate award of benefits when the ALJ has "failed to provide legally sufficient reasons for rejecting evidence" which, if credited as true, would direct a conclusion that the claimant was disabled. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Commissioner argues that the credit-as-true rule is invalid under both the Social Security Act and Supreme Court precedent. But the only issue on review here concerns evidence that the ALJ improperly *accepted*. Thus, quite apart from this Court's being bound by Ninth Circuit precedent on the

PAGE 5 – OPINION AND ORDER

593 (9th Cir. 2004). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Here, the record has not been developed fully. The VE's testimony was inconsistent with the DOT, but the DOT may yet describe jobs that exist in significant numbers in the national economy that Ms. Peterson can perform. Alternately, the VE may be able to provide evidence sufficient to permit the ALJ to rely on testimony inconsistent with the DOT. Though the ALJ erred in not insisting on such evidence, that error does not automatically entitle Ms. Peterson to disability benefits. Therefore, remand for further proceedings is appropriate.

On the other hand, the Ninth Circuit has expressed concern about "preserv[ing] efficiency and fairness in a process that can sometimes take years before benefits are awarded to needy claimants." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). In particular, the Ninth Circuit has cautioned against allowing the Commissioner to relitigate issues so as to "create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke*, 379 F.3d at 595. Accordingly, remand is limited to the only question that remains to be resolved: whether, taking into consideration Ms. Peterson's, age, education, work experience, and already-determined RFC, there is other work that exists in significant numbers in the national economy that she can perform.

The Commissioner argues that due process requires only that a claimant receive *one* opportunity to be heard and that therefore the ALJ is not required to hold another hearing on remand. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (holding that the requirements of procedural due process are determined by balancing the "private interest" and the "risk of an

---

credit-as-true rule, the Commissioner's argument is irrelevant: Ms. Peterson does not argue that any evidence should be credited as true.

PAGE 6 – OPINION AND ORDER

erroneous deprivation" against the "Government's interest" in efficiency). But the reason for a hearing is, in part, to provide a claimant with "an effective opportunity to defend by confronting any adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 268 (1970). And the VE is a witness potentially adverse to Ms. Peterson's disability claim.

The ability to cross-examine the VE is of high value to claimants, who routinely ask the VE about work available for alternate hypothetical persons who have additional limitations not reflected in the ALJ's RFC determination. This allows the claimant to establish that he or she would be disabled if specific evidence rejected by the ALJ were credited as true. Not only does this reduce the risk of an erroneous determination, it also reduces the Government's "fiscal and administrative burdens" by permitting a reviewing court, in an appropriate case, to determine whether the claimant is disabled without further administrative proceedings. *Cf. Mathews*, 424 U.S. at 335. Therefore, if the ALJ uses the testimony of a VE on remand,[2] then another hearing is required.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings not inconsistent with this opinion.

**IT IS SO ORDERED**.

DATED this 10th day of December, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] In certain circumstances, the ALJ may meet the Commissioner's burden by referring to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *See Osenbrock*, 240 F.3d at 1162; *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 577-79 (9th Cir. 1988) (Pregerson, J., concurring) (describing such circumstances in detail).